**BETHLEHEM STEEL COMPANY**

v.

**CONTINENTAL CASUALTY CO.**

Civ. A. No. 24786.

United States District Court
E. D. Pennsylvania.
May 6, 1959.

See also 208 F.Supp. 354.

McFadden, Riskin, McCarthy & Williams, Robert H. Holland, Bethlehem, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendant.

ORDER SUR DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (FILED 12/23/58, DOCUMENT NO. 7)

AND NOW, this 6th day of May, 1959, after consideration of the argument on April 6, 1959, as well as the briefs and letters of counsel attached hereto, IT IS ORDERED that defendant's Motion for Judgment on the Pleadings, filed December 23, 1958, is DENIED and defendant is given thirty (30) days to file an Answer to the Amended Complaint.

VAN DUSEN, District Judge.

The facts which give rise to this motion are stated in the comments attached to the order of November 19, 1958, 208 F.Supp. 354 (Document No. 5 in Clerk's file). By that order, defendant's first Motion for Judgment on the Pleadings was granted on the ground that the Complaint did not show that defendant was notified in writing of the accident, in accordance with the conditions of the policy. Plaintiff was given leave to amend paragraph 22 of its Complaint to cure this deficiency, if possible. On December 18, plaintiff filed an Amended Complaint, alleging in paragraph 22 that defendant, on or about nine days after the accident, received a written report of the accident, made an investigation, and settled certain property damage claims. To these pleadings, defendant, on December 23, 1958,

filed its second Motion for Judgment on the Pleadings.

■■ It must now be determined whether the amended pleading alleges sufficient notice to the defendant insurer to comply with the notice requirements of the policy. It is the opinion of the hearing judge that the disposition of this issue, under the facts as they are now alleged, is controlled by the case of Frank v. Nash, 166 Pa.Super. 476, 71 A.2d 835 (1950). The issue before the court in the Frank case was the same as the issue now under consideration. The applicable provisions of the policies involved are identical. In both the Frank case and this case, the insurer received prompt written notice of the accident and made an investigation, subsequent to which a personal injury claim was filed against the insured. In the Frank case, the insurer was notified of the personal injury claim by forwarding of the suit papers 11 months after suit was instituted and 3½ months before trial; in the present case, defendant received notice of the personal injury claim about 11 months after suit was instituted and one month before trial. In the Frank case, the court held that the delay in notice of the personal injury claim would not, of itself, relieve the insurer, and that if the insurer were to be relieved of liability under the policy, it had to show that it was prejudiced by such delay. It is clear, therefore, that, although the insurer does not have to show that it was prejudiced by an unreasonable delay in the initial notification of the occurrence of the accident, Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46 (1940),[1] once prompt notice of the accident has been given and an investigation undertaken by the insurer, a showing of prejudice is required if the insurer is to be relieved of liability under the policy by reason of the insured's delay in notifying it of the claim against the insured. See, also, Gordon v. London & Lancashire Ind. Co., 180 Pa.Super. 45, 117 A.2d 778 (1955). The facts of this case, as they are now presented, require a showing of prejudice on the part of the defendant. The defendant, relying on the Unverzagt case, supra, has made no such showing.[2] Therefore, while the facts of this case appear to present a stronger case of prejudice to defendant than was presented in the Frank case, it cannot be determined at this time upon this record whether there exists such a ground for defendant to avoid liability.

In view of the disposition of this issue, it is necessary to consider the other grounds asserted by the defendant in its original motion.

■ It does not appear to be, and, indeed, cannot be, contended that plaintiff was not an additional insured within the meaning of the "omnibus" clause of the policy (Insuring Agreement III, Ex-

---

1. This case governed the disposition of the first of defendant's motions.

2. The case which has been found most nearly to support defendant's position is Keyes etc., v. Continental Cas. Co., 121 Pa. Super. 359, 183 A. 672 (1936). In this case, it appeared that the plaintiff was insured by the defendant and another insurance company. The plaintiff had an auto accident which was investigated by the other insurance company. The defendant was promptly notified of the accident and requested from the other insurer more detailed information concerning it. The defendant did not receive the requested information, made no investigation, and was not notified of the subsequent suit against the plaintiff (the defense of which was assumed by the other insurer) until 11 months after the suit was begun and two days before the case was listed for trial. Under these facts, the court found that the defendant was relieved of liability under the policy.

Because of the circumstances of this case, however, it is distinguishable from the present case. It may be further added, with regard to the present case, that it would be reasonable for defendant to assume, upon an investigation of the accident which resulted in the death of the driver, that a personal injury claim would be asserted against the insured. In this connection, note should be made of plaintiff's offer of continuance in the original action alleged in paragraph 28 of the Amended Complaint.

hibit A attached to Document No. 1 in Clerk's file).[3] The pleadings show that the tractor-trailer, at the time of the accident, was engaged in the business of plaintiff, a particular use of the vehicle in which the named insured had acquiesced. See Snap-On Tools Corp. v. Pa. Thresh. & Farm. Mut. Cas. Ins. Co., 65 Dauph. 209, 216–221 (1953). It follows that defendant's contention that the accident was not covered by the "loading and unloading" clause of the policy (Condition 4(c)) is misplaced. This phrase does not limit, but expands, the general word "use" in Insuring Agreement III to cover certain situations before and after the time the vehicle is in transit. Since the record shows that the accident occurred while the tractor-trailer was in transit, defendant's liability would arise by reason of Coverage A–Bodily Injury Liability of the policy (Insuring Agreement I). See Federal Insurance Co. v. Michigan Mutual Liability Co., 172 F.Supp. 858, (E.D.Pa., 1959).

Defendant finally contends that plaintiff is barred from coverage by reason of the employee exclusion clause of the policy. This clause (Exclusion (b)) reads as follows:

"(b) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workman's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;"

The question is whether "the insured," within the meaning of this clause of the policy, refers to the named insured, an additional insured, or to either of them. There are apparently no Pennsylvania appellate court decisions interpreting this clause in light of facts similar to those presented here. However, in Clark v. United Steel Barrel Co., 7 Dist. & Co. R.2d 209 (C.P.Phila.1956), the court, interpreting an identical clause, said at page 217:

"* * * the exclusion applies only to the party against whom the claim is made and the test is applied: 'Is the plaintiff an employe of the defendant?' It is immaterial whether plaintiff is an employee of any other insured, whether such other insured is the named insured or another additional insured under the 'unqualified insured' definition."

See, also, Walls, to use, v. Gaines et al., 46 Dist. & Co. R. 327 (C.P.Chester 1940). This approach has been adopted in Greaves v. Public Service Mutual Insurance Co., 5 N.Y.2d 120, 181 N.Y. S.2d 489, 155 N.E.2d 390 (N.Y.1959); Maryland Casualty Co. v. N. J. Mfrs. Cas. Ins. Co., 28 N.J. 17, 145 A.2d 15 (N.J. 1958); Pleasant Valley Lima Bean Growers, etc., v. Cal-Farm Ins. Co., 142 Cal.App.2d 126, 298 P.2d 109 (Cal.1956); Ginder v. Harleysville Mut. Casualty Co., 49 F.Supp. 745 (E.D.Pa.1942), aff'd. 135 F.2d 215 (3rd Cir.1943). Applying this test to the facts of this case, the question is: was the deceased driver the employee of the Bethlehem Steel Co. at the time of the accident? While the record as it now stands shows nothing with regard to this question, in light of the particular circumstances of this case, this question is one of fact, Restatement, Second, Agency, § 227 (Comment (a) and Illustration 5), and, therefore, cannot be determined upon this motion.

For the foregoing reasons, defendant's Motion will be denied.

3. The exceptions contained in Insuring Agreement III of the original contract (Exhibit A) and of the alleged rider of May 12, 1954, which is assumed to be a true representation (see paragraph 11 of the Amended Complaint, Document No. 6 in Clerk's file), do not appear, and have not been asserted, to bar plaintiff from coverage under the policy.