Dolores Helvy

*v.*

Inland Mutual Insurance Company, *a corporation*

(No. 12209)

Submitted September 24, 1963. Decided October 29, 1963.

*Palmer & McCutcheon, J. Campbell Palmer, III,* for appellant.

*Lilly & Lilly, R. G. Lilly,* for appellee.

HAYMOND, JUDGE:

In this declaratory judgment proceeding instituted in the Circuit Court of Kanawha County, West Virginia, in 1960, the plaintiff, Dolores Helvy, a judgment creditor of Walker Trucking Company, a corporation, seeks a judgment imposing liability upon the defendant, Inland Mutual Insurance Company, a corporation, under an omnibus clause in a policy of insurance issued by it to Jessie Eldon Walker, the named insured, for payment of the unpaid balance upon her judgment against Walker Trucking Company to the extent of $10,000.00, which amount constitutes the coverage limit provided by the policy for bodily injury for one person.  The case was heard by the court in lieu of a jury and by final order entered March 16, 1962, the court imposed liability upon the defendant in the sum of $10,000.00 and entered judgment in favor of the plaintiff and against the defendant for that amount, with interest from February 14, 1958, and costs.  From that judgment this Court granted this appeal on December 14, 1962, upon the application of the defendant.

On October 18, 1956, the plaintiff sustained severe personal injuries when the automobile in which she was riding was struck by a Chevrolet dump truck.  The truck was owned by Jessie Eldon Walker, who had purchased it on April 23, 1955, had traded it on July 16, 1956 and had repurchased it on October 3, 1956.  At the time of the col-

lision the truck was carrying a load of sand and gravel and was being driven by an employee of Walker Trucking Company, to which company it had been leased by Jessie Eldon Walker by a written instrument dated June 29, 1956. During the year 1954 the defendant Inland Mutual Insurance Company had issued a policy of insurance to Walker Trucking Company covering its two-ton Ford dump truck, with limits of liability of $10,000.00 for each person and $20,000.00 for each accident; but due to the number of accidents in which Walker Trucking Company had been involved that policy was cancelled by the defendant on October 10, 1954 and the defendant after such cancellation considered Walker Trucking Company an undesirable insurance risk and decided that it would not in the future accept Walker Trucking Company as an insurance risk or issue to it any policy of insurance coverage.

Jessie Eldon Walker, whose brother Elmer Walker was the President of Walker Trucking Company, obtained a policy of insurance from the defendant Inland Mutual Insurance Company in 1955 upon the Chevrolet truck involved in the collision in which the plaintiff was injured. That policy was renewed on February 8, 1956, for one year from March 8, 1956, and by endorsement countersigned on October 4, 1956, specifically covered the truck and was in effect on October 18, 1956, when the plaintiff was injured. It is the policy upon which this action is based and it contains, among others, these pertinent provisions concerning notice of accident and definition of the insured:

"1. Notice of Accident—Coverages A and B: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

"10. Named Insured's Duties When Loss Occurs— Coverages D, E, F, G, G-1, H and I: When loss occurs, the named insured shall: * * *

"(b) give notice thereof as soon as practicable to the company or any of its authorized agents * * * ."

"III. Definition of Insured:   (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * * ."

The policy, identified as C104656, was issued to Jessie Eldon Walker as the named insured and provided insurance coverage to the extent of $10,000.00 for each person and $20,000.00 for each accident.   It also contained the usual provision which required the insured to cooperate with the insurer and upon its request to attend hearings and trials and assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits.

According to the testimony of the defendant's agent, who negotiated the insurance, he and its branch manager, who was authorized to accept insurance risks and approve issuance of policies, knew when the policy was issued that the truck covered by the policy was or would be leased by its owner and named insured Jessie Eldon Walker to Walker Trucking Company and though the branch manager of the defendant who testified as a witness in its behalf was questioned on this subject he would neither admit nor deny the testimony of the agent who negotiated the insurance.   By entering a judgment in favor of the plaintiff the circuit court necessarily found that the company, through these agents, knew that the truck insured by the policy had been or would be leased to Walker Trucking Company when the policy was approved and issued.

Within a few days after the collision on October 18, 1956, Jessie Eldon Walker, the named insured, notified the defendant of the accident and on October 24, 1956, an ad-

juster of the defendant obtained from the driver of the truck a statement concerning the accident. That such notice was promptly given is admitted by the evidence of the claims examiner of the defendant who testified in its behalf. It also appears that the defendant was notified of the accident by the claimant Dolores Helvy by letter of her attorney dated November 2, 1956, and the attorney for the defendant in his brief in this Court admits that notice of the accident was given the defendant by the claimant. Statements were later given to the adjuster of the defendant by Jessie Eldon Walker and Elmer Walker, President of Walker Trucking Company.

On July 24, 1957, the plaintiff instituted an action in the Circuit Court of Kanawha County against Walker Trucking Company and on July 26, 1957 instituted another action against Jessie Eldon Walker and Russell Knuckles, the driver of the truck. That action was continued and on October 5, 1957 a third action was instituted by the plaintiff, Dolores Helvy, against Walker Trucking Company, a corporation, Jessie Eldon Walker and Russell Knuckles, the truck driver. The trial of this action upon an amended declaration began on February 11, 1958 and on February 17, 1958 a jury returned a verdict in favor of the plaintiff against Walker Trucking Company for $22,-500.00. The motion of Walker Trucking Company for a new trial was overruled; the motion of Jessie Eldon Walker and Russell Knuckles for judgment in their favor was sustained; and, as provided by Rule 57 of the Rules of Civil Procedure, judgment in favor of the plaintiff against Walker Trucking Company was rendered by the circuit court on September 2, 1958. There was no appeal from the judgment against Walker Trucking Company and that judgment remains unpaid and in force and effect though subject to a credit of $5,275.00, the amount paid by Security Insurance Company which had issued a policy of insurance to Walker Trucking Company covering the truck in which the liability was limited to $5,000.00, and a credit of $2,500.00, the amount paid in behalf of Walker Trucking Company to the plaintiff for the release of any part of the judgment in excess of the coverage provided

by the policy issued by the defendant to Jessie Eldon Walker. No notice of the accident or of the claim of the plaintiff against Walker Trucking Company was given by it to the defendant company until January 23, 1958, approximately fifteen months after the accident but, according to the testimony of an attorney who was the claims examiner of the defendant, the absence of such notice for that period of time did not interfere with the investigation by the defendant of the facts concerning the accident and the injury sustained by the plaintiff. This witness, though expressing the opinion that Walker Trucking Company did not cooperate with the defendant, admitted that no request was made of that company for any information concerning the accident and that it never refused to furnish any such information.

Though the defendant assigns seven specific points for reversal of the judgment, the principal errors on which it relies are the action of the circuit court in holding (1) that the requirement of notice to the insurer was satisfied; and (2) that the provisions of the policy known as the omnibus clause apply and extend insurance coverage to Walker Trucking Company.

The terms of the quoted portions of conditions 1 and 10 of the policy expressly require the insured or someone in his behalf, when an accident occurs, to give written notice to the insurer or any of its authorized agents as soon as practicable and that it is the duty of the named insured, when loss occurs, to give notice of such loss to the insurer or any of its authorized agents as soon as practicable. The unqualified word "insured", as used in the policy, includes the named insured and it is clear that the requirement of notice of the loss expressly applies to the named insured who in this instance was Jessie Eldon Walker.

It clearly appears from undisputed evidence that within approximately one week after the accident notice of loss was given to the defendant and a statement from the driver of the truck who was an employee of Walker Trucking Company was obtained by an adjuster of the defendant.

The policy contains no requirement that Walker Trucking Company, which was not the named insured, should give the defendant any additional notice of the accident or of any claim by it against the defendant. Walker Trucking Company did, however, give such notice on January 23, 1958, before the trial of the action against it, Jessie Eldon Walker and Russell Knuckles which began on February 11, 1958; and there is no showing in the evidence that the failure of Walker Trucking Company to give an earlier notice prevented or interfered with any investigation of the accident by the defendant.

In the recent case of *Ragland* v. *Nationwide Mutual Insurance Company*, 146 W. Va. 403, 120 S. E. 2d 482, which is cited and relied upon by the defendant in support of its contention that the requirement of the policy that notice be given as soon as practicable was not complied with, this Court held that a provision in an automobile liability insurance policy that the insured or someone in his behalf should give notice to the insurer of all accidents as soon as practicable requires that such notice be given within a reasonable time; that a delay of five months in giving notice to the insurer of a fatal accident does not satisfy such requirement; that because of such delay the insurer was relieved of liability under the terms of the policy; and that such requirement must be complied with even though failure to comply was not prejudicial to the insurer.

In the *Ragland* case this Court mentioned and considered numerous decisions of this Court and of the courts in other jurisdictions involving the question of the requirement of notice provided in various insurance policies and referred to particular decisions in which a delay in giving notice of an accident of twenty eight days, twenty nine days, forty six days, sixty six days, six weeks, fifteen weeks, two and one-half months and four and one-half months was held to be an unreasonable delay in giving notice of an accident and in which a delay of two days, ten days, twenty two days and twenty five days was held not to be an unreasonable delay in giving such notice. In the *Ragland* case the named insured did not give any notice to the insurer of the occurrence of an accident on May 8,

1956, in which an automobile owned and operated by the insured struck and killed a pedestrian, until November 3, 1956, which was approximately five months after the accident occurred. In the instant case the notice required in the policy was given by the named insured promptly and within a week after the accident. The material difference in the time element between the notice given in the *Ragland* case and the notice given in the case at bar renders the *Ragland* case clearly distinguishable from the instant proceeding.

Notice of loss given by the named insured to the insurer within one week after the accident occurred in which the plaintiff was injured constituted sufficient compliance with a policy requirement that when an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, and it was not necessary for Walker Trucking Company, the lessee of the insured automobile involved in the accident, as an additional insured under the omnibus clause of the policy, to give any additional notice to the insurer; and its failure to give an additional notice as soon as practicable after the occurrence of the loss did not relieve the insurer of its liability under the terms of the policy.

The notice given by the named insured to the insurer within one week after the occurrence of the loss satisfied the requirement with regard to notice as indicated in the *Ragland* case. See also *National Surety Corporation* v. *Wells*, 287 F. 2d 102. In that case an automobile liability insurance policy contained the identical provision requiring notice of loss by the insured that is contained in the policy in the present proceeding and the father of a sixteen year old high school student was the named insured. The automobile of the insured, while driven by his son with the consent of the insured, was involved in a collision which resulted in property damage and personal injuries to persons who subsequently instituted actions against the insured and his son. The insured gave immediate notice of the accident to the insurer and it proceeded to investigate the case and in its investigation interviewed and

obtained a written statement from the son. With respect to those facts the opinion in that case contained this language: "Up to this time the Insurer knew everything it possibly could have known had Junior, not Senior, been the instigator of notice. There had, therefore, been literal, full, substantial and complete compliance with the policy requirement of notice of the occurrence."

An insured is required to give but one notice of an accident. *Dotson* v. *National Surety Corporation,* 166 F. Supp. 518, reversed on other grounds, *National Surety Corporation* v. *Dotson,* 270 F. 2d 460; *Anoka Lumber Company* v. *Fidelity and Casualty Company of New York,* 63 Minn. 286, 65 N. W. 353, 30 L.R.A. 689; 8 Appleman, Insurance Law and Practice, Section 4739. In an action against an additional insured, in which the automobile liability insurer was garnishee, the insurer could not complain of lack of notice of the accident from the additional insured where the named insured, a co-defendant, gave due notice and the garnishee defended the named insured in the action, since the purpose of the requirement of notice is to provide insurer with information from which it may determine its liability. *Knudson* v. *Anderson,* 199 Minn. 479, 272 N. W. 376. In the *Knudson* case, which was an action against an omnibus insured in which the insurer was garnisheed, the opinion contains this language with respect to the question of notice of loss to the insurer: "The garnishee also contends that there can be no liability on its part as to this defendant because the latter has never given it notice of the loss. The supplemental complaint pleads notice by the named insured, DeFoe, to the insurer, and that the latter, pursuant to its contract, conducted his defense in the main action. The pleadings do not show that the defendant was under any obligation to give notice. The insurance contract does not appear to require any notice from any one except the named assured. Under these circumstances, it would seem that the present claim is purely an afterthought."

In *MacClure* v. *Accident and Casualty Insurance Company of Winterthur, Switzerland,* 229 N. C. 305, 49 S. E. 2d 742, the court held that where the named insured in an

automobile insurance liability policy promptly notified the agent of the insurer of a collision which caused the death of a child while the automobile was being driven by a person other than the insured, with his permission, and the accident was investigated by the agents and claim adjuster of the insurer soon after its occurrence and the insurer was aware of the institution of a suit against the insured and the driver to recover for the death of the child and employed counsel to defend such suit, the defense that the insurer was not notified of the accident or of the institution of the suit was untenable in a later action on the policy by the administratrix of the estate of the child. In that case Delph, the owner of the automobile, was the named insured in an automobile liability insurance policy which contained a provision that the word "insured" included the named insured and, except where specifically stated to the contrary, also included any person or organization legally responsible for the use of the automobile if the actual use of the automobile was with the permission of the named insured and also contained a provision that when an accident occurs written notice shall be given by or on behalf of the insured to the insurer or any of its authorized agents as soon as practicable, and Spence, an employee of the named insured, was the driver of the automobile with the permission of the named insured when it struck and killed the plaintiff's intestate. In the opinion the court said: "The defense that the insurer had not been notified of the accident or the institution of the suit against him is not tenable. Delph had promptly notified agents of the Company of the occurrence and they, together with claim aduster DeVault, were immediately and actively employed in the investigation of the accident soon after it occurred. The record shows that the defendant was aware of the institution of the suit and immediately employed counsel to defend both Delph and Spence."

It has been said that an additional insured, operating an automobile with the permission of the owner, is a proper person to give notice to the insurer but that such additional insured could not be expected or required to give notice before he knew of the existence of the policy or of

the fact that he was covered by it. 8 Appelman, Insurance Law and Practice, Section 4738.

It is immaterial whether the named insured or the additional insured or any other person involved notifies the insurer in an automobile liability insurance policy of the occurrence of the accident if in fact the required notice is given. *Bethlehem Steel Company* v. *Continental Casualty Company*, 208 F. Supp. 354; *Simmon* v. *Iowa Mutual Casualty Company*, 3 Ill. 2d 318, 121 N. E. 2d 509; *Morris* v. *Bender*, 317 Pa. 533, 177 A. 776. In Appelman, Automobile Liability Insurance, page 240, the text contains these statements: "It does not matter who gives the notice to the insurer, as long as the notice is actually given of the occurrence of the accident or the pendency of the suit. Accordingly, notice could be given by one of two insured partners, by any officer of a corporation, by the insured's mother, by either a driver operating with the permission of the insured or the insured himself, by the claimant, or by an insurance broker. If it develops that the insurer has had actual notice of the accident or the pendency of the suit, a forfeiture has sometimes been denied even though notice is not given, since no prejudice has resulted. Since the standard policy reads 'by or on behalf of the insured' there should be no difficulty in interpretation of this clause. It is a broad, liberal statement embodying the result of the present judicial authority and permits anyone, acting for the insured, to give such notice."

In *United States Fidelity and Guaranty Company* v. *Church*, 107 F. Supp. 683, the court said that an automobile liability insurer, consistently denying that a tort feasor was an insured under extended coverage clause of a policy, could not assert the tort feasor's failure to give notice to the insurer as a technical policy defense; and that where automobile liability insurer has actual notice of loss and is not prejudiced by failure of notice, the technical policy defense fails.

There is also authority to the effect that, although the named insured gives a notice of an accident to the insurer the sufficiency of which is questionable, if neither the

named insured nor an additional insured under an omnibus clause gives the insurer any notice of a suit filed by an injured person against such additional insured, there has been a complete failure of both insureds to comply with the provisions of a policy which requires that notice of an accident be given to the insurer by or on behalf of the insured as soon as practicable and that if any claim is made or suit is brought against the insured he shall immediately forward to the insurer every demand, notice, summons, or other process received by the insured; and that if such failure occurs the insurer is not liable to defend the suit or to pay any judgment rendered in it against such additional insured. *M. F. A. Mutual Insurance Company* v. *Mullin,* 156 F. Supp. 445.

Of course, if the notice of the accident required by the policy of liability insurance is not given by or on behalf of the named insured as soon as practicable or by an additional insured under the omnibus clause of such policy, such additional insured will not be covered and the insurer will be relieved of its liability under such policy. As previously indicated, however, that situation does not exist in this proceeding. On the contrary, as also previously indicated, the named insured Jessie Eldon Walker and the Claimant Dolores Helvy each gave to the insurer notice of the accident within a few days after its occurrence and, for that reason, Walker Trucking Company as an additional insured under the omnibus clause was not required to give to the insurer any other notice of the accident.

The defendant contends, and has consistently contended during this litigation, that Walker Trucking Company is not an insured within the meaning of the definition of an insured in the omnibus clause of the policy and for that reason is not entitled to the insurance coverage provided by the policy. This contention is without merit. The omnibus clause expressly provides that the unqualified word "insured" includes any person while using the automobile and any person or organization legally responsible for its use, if the actual use of the automobile is with the permission of either the named insured or his spouse. It is not disputed that the truck which was driven by an em-

ployee of Walker Trucking Company was being used by it and for its benefit at the time of the accident.

It is clear that Walker Trucking Company was an organization legally responsible for the use of the truck and its responsibility has been determined by the judgment against it in favor of the plaintiff. That the named insured Jessie Eldon Walker, the owner of the truck, gave Walker Trucking Company permission to use it is established by the written lease dated June 29, 1956, by which he leased the truck to Walker Trucking Company for a period of not less than thirty days, and which expressly provided that the use of the vehicle should be subject to the exclusive direction and control of the lessee for the duration of the lease. The provisions of the lease gave express permission for the use of the truck by Walker Trucking Company, the lessee. These undisputed facts constituted Walker Trucking Company an additional insured under the provisions and within the meaning of the omnibus clause of the policy and clearly entitled it as an additional insured to the insurance coverage provided by the policy.

In *Collins* v. *New York Casualty Company,* 140 W. Va. 1, 82 S. E. 2d 288, this Court held in point 3 of the syllabus that an omnibus clause in an automobile public liability insurance policy relating to insureds, other than the named insured, which provided that the unqualified word "insured" included the named insured and also any person while using the automobile and any person or organization legally responsible for its use if the actual use of the automobile was with the permission of the named insured, was clear and unambiguous and not subject to judicial interpretation and should be applied liberally to effectuate the purpose for which the clause was inserted in the policy. In the opinion, discussing the scope and the effect of an omnibus clause substantially similar in its pertinent provisions to that in the policy here under consideration, this Court said: "Because the purpose of an omnibus clause in an automobile public liability insurance policy is not to limit the insurer's liability, but to provide additional coverage, the clause is designed to protect not

only those entrusted with the use of the automobile, but the public in general, and therefore the provisions of the clause should be liberally applied to effectuate the purpose for which it was incorporated in the policy. For, in the final analysis, as a public liability insurance policy is for the protection of the insured and such additional insureds as are embraced in the omnibus clause, this Court in the application, as well as in the construction of a contract of insurance should 'give effect to the intent of the parties and to their clear objective, if such intent or objective can be gathered from the policy.' 7 Appleman, Insurance Law and Practice, 1942 Ed. Section 7481."

In *Standard Surety and Casualty Company of New York* v. *Metropolitan Casualty Company of New York,* 45 Abs. 428, 67 N. E. 2d 634, the Court of Appeals of Cuyahoga County, Ohio, held that the plaintiff, the employer of the named insured in an automobile liability insurance policy issued by the defendant, was entitled to the protection afforded by the policy under the provisions of an omnibus clause which provided that the unqualified word "insured" included not only the named insured but also any person while using the automobile and any person or organization legally responsible for its use if the actual use was with the permission of the named insured. In the opinion in that case the court quoted with approval this language of the text in Volume 7, Section 4355, of Appleman, Insurance Law and Practice:

"Where a truck was driven by a person legally responsible for its operation with the permission of the named insured within a purpose permitted by the policy the operator was protected by the policy whether the owner was personally present or not. Of course the term 'permission' applies equally to one operating the vehicle as to one legally responsible for its use.

"The term 'legally responsible' includes a number of different types of persons, who may receive policy protection. First and foremost, of course, it includes persons actually operating the vehicle under the terms of the omnibus clause. It may include an employer, in whose busi-

ness the driver was engaged at the time of the accident, even though liability to a deceased passenger, a fellow employee of the driver, may have been limited by a state compensation act. It may include one having proper custody of a vehicle entrusted to him by a bailee of the insured. And instances of legal liability arising from the insured's having signed a minor's application for a license, or by reason of having permitted a person below the required age to drive, have been held included within this term. A person not included within one of such categories is generally not protected by these policy terms."

Under a lease from the owner of an automobile covered by a policy of liability insurance, who was also the named insured in such policy, the lessee of the insured automobile, who by his employee was operating it at the time of an accident, was using the automobile with the consent of the named insured within the meaning of an omnibus clause of an automobile liability insurance policy which defined insured as including any person or organization legally responsible for the use of the automobile if the actual use was with the permission of the named insured; and such lessee is entitled to the coverage provided by the policy as an additional insured under such clause. *Shaw* v. *Hartford Accident and Indemnity Company,* 178 F. Supp. 571, affirmed on review in *Hartford Accident and Indemnity Company* v. *Shaw,* 273 F. 2d 133; *American Fidelity and Casualty Company* v. *Pennsylvania Casualty Company* (Ky.), 258 S. W. 2d 5; *Embody* v. *LeBlanc* (La.), 131 So. 2d 225; *Bethlehem Steel Company* v. *Continental Casualty Company,* 208 F. Supp. 356.

In *Hartford Accident and Indemnity Company* v. *Shaw,* 273 F. 2d 133, Miller, the owner of a tractor automobile leased it to Carson by a written lease which provided that Carson should have exclusive control of the tractor and was to use it for seed operations. The tractor while being used by Carson in his seed operations and while being driven by Shaw, his employee, was involved in a collision with another automobile in which the driver of that automobile and two passengers were killed and two other passengers were injured. The court held that the driver

Shaw and the lessee Carson were using the tractor with the permission of the named insured and that such use brought each of them within the definition of insured in the omnibus clause of the policy.

In *American Fidelity and Casualty Company* v. *Pennsylvania Casualty Company* (Ky.), 258 S. W. 2d 5, the court said that where an insurance policy issued to lessor of buses defined insured as including any person or organization legally responsible for the use of the insured vehicle if its actual use was with the permission of the named insured, the lessee was an insured under the omnibus clause as to any leased vehicles covered by the policy but, under the facts of that case, the court held that neither of the buses involved in the accident was covered by the policy of insurance.

In *Bethlehem Steel Company* v. *Continental Casualty Company*, 208 F. Supp. 356, the court said that the lessee of a truck was an additional insured within the meaning of an omnibus clause of an automobile liability insurance policy covering the automobile of the lessor when the truck was engaged in the business of the lessee at the time of the accident and its use by the lessee was acquiesced in by the named insured. At the time of the accident the truck was being unloaded by an employee of the lessee.

In the light of the foregoing authorities it is clear that Walker Trucking Company, the lessee of Jessie Eldon Walker, the owner and named insured, is an additional insured within the meaning of the omnibus clause of the automobile liability insurance policy and is entitled to the protection provided by the policy.

The defendant, in Point III of its assignment of errors, insists that the plaintiff can not maintain this declaratory judgment proceeding because she was not an insured under the policy issued to Jessie Eldon Walker. This position is not well founded. Section 1, Article 13, Chapter 55, Code, 1931, as amended, provides that courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. Here the ques-

tion is whether the plaintiff, who clearly is not an insured, has the right under the policy to cause the imposition of liability upon the defendant for the injury caused by Walker Trucking Company as an additional insured within the meaning of the omnibus clause of the policy. This right is denied by the defendant and in consequence there is an actual justiciable controversy between the parties to this action, and the circuit court had jurisdiction to determine the asserted right of the plaintiff in this proceeding. *The Board of Education of Wyoming County* v. *The Board of Public Works,* 144 W. Va. 593, 109 S. E. 2d 552; *Douglass* v. *Koontz,* 137 W. Va. 345, 71 S. E. 2d 319; *Tharp* v. *Tharp,* 131 W. Va. 529, 48 S. E. 2d 793; *Daugherty* v. *Town of Mabscott,* 131 W. Va. 500, 48 S. E. 2d 342; *Dolan* v. *Hardman,* 126 W. Va. 480, 29 S. E. 2d 8; *Mainella* v. *The Board of Trustees of Policemen's Pension or Relief Fund of the City of Fairmont,* 126 W. Va. 183, 27 S. E. 2d 486; *Crank* v. *McLaughlin,* 125 W. Va. 126, 23 S. E. 2d 56.

In Points IV, V and VI of its assignment of errors the defendant asserts the respective defenses that Walker Trucking Company failed to cooperate with the defendant in violation of the provision of the policy which required the insured to cooperate with the insurer, that the named insured stated that he was a trucker of low grade commodities and was insured as such when in fact he was not a trucker of that type, and that he also stated that the truck was to be used for commercial purposes when in fact it was not so used, and the defendant contends that these defenses deprive Walker Trucking Company of the coverage provided by the policy of insurance. These asserted defenses, however, were not established by adequate proof and consequently they can not operate to relieve the defendant from its liability under the provisions of its policy of insurance.

There is no merit in Point VII of the assignment of errors that, as the defendant considered Walker Trucking Company an undesirable insurance risk and would not insure it directly, Walker Trucking Company can not obtain the insurance coverage provided by the policy as an additional insured under its omnibus clause. The evi-

dence is sufficient to show that even though the defendant was unwilling to issue a policy of insurance to Walker Trucking Company as a named insured, its authorized agents, with knowledge that the truck covered by the policy issued to Jessie Eldon Walker was or would be leased to Walker Trucking Company for use by it, approved the policy and caused it to be issued to the named insured. Having done so it can not successfully contend that because it would not accept Walker Trucking Company as a named insured in any of its policies, it can deny the status of that company as an additional insured under the omnibus clause of the policy which it issued to Jessie Eldon Walker.

The judgment of the circuit court, being free from prejudicial error, is affirmed.

*Affirmed.*