DORCAS M. JONES *v.* HERBERT EVANS, *Sheriff, etc., et al.*

(CC 642)

Submitted April 29, 1941. Decided May 27, 1941.

C. O. *Strieby,* for plaintiff.
E. L. *Maxwell,* for defendant.

Fox, Judge:

This cause comes to us upon certificate from the Circuit Court of Randolph County, and the question involved is the correctness of the ruling of that court in sustaining a demurrer to the plaintiff's bill.

At September Rules, 1940, plaintiff filed her bill against Herbert Evans, Sheriff, and as such, administrator of the estate of Albert Warner, deceased, J. M. Coberly and A. N. Marstiller, trustee, seeking to have cancelled a note of $600.00 executed by her, payable to Albert Warner, and now held by the defendant Coberly as collateral for a loan of $400.00 made by him to Warner in his lifetime, and to set aside, as a cloud upon the title of the plaintiff, a

deed of trust executed by her to secure said note, by which she conveyed to A. N. Marstiller, trustee, Lot No. 83, Block M in the Yokum and Hinkle Addition to the City of Elkins. A demurrer to the bill was interposed by the defendants Coberly and Marstiller, trustee, on the ground that the note and deed of trust sought to be cancelled are shown by the allegations of the bill to have been executed by the plaintiff with intent to defraud her creditors, and that by reason thereof, a court of equity should not grant the relief prayed for.

In her bill, the plaintiff alleges that she had been married to one Lantz, and had, on account of endorsements for him, become financially involved; that later she obtained a divorce and resumed her maiden name, after which she purchased the property in the City of Elkins conveyed by the deed of trust mentioned above; that in the meantime, she had become acquainted with Albert Warner, now deceased, who knew that her former husband had caused her to become financially involved; that she was led by Warner to believe that she should encumber her Elkins property by pretending to secure a debt which she did not owe, and thus protect her property from the claims of the creditors of her former husband; that, following this advice, she, on the 23rd day of October, 1936, executed the deed of trust which she now seeks to set aside, and executed the note for $600.00 described therein; that after said note and deed of trust had been executed, and the deed of trust recorded, they were retained by her and placed among her private papers in her home; that later, she was advised by counsel that since she was not in fact indebted to said Warner, she should obtain a release of the deed of trust, which she endeavored to do without success; that some time in the latter part of the year 1938, upon making a search in her home for the deed of trust and note, she located the deed but was unable to find the note, and upon investigation learned that said note had been deposited by Warner with defendant, J. M. Coberly, as collateral security for a loan made by Coberly to Warner, and that Coberly had in his possession a letter, purporting to have been signed by her, to the

effect that the note of $600.00 was due and owing from her to Warner, subject to a credit of $75.00; that the letter held by Coberly was never presented to her for her signature, and that she did not sign or authorize anyone to sign the same; that the note of $600.00 was evidently purloined from her home by Warner; that all of the indebtedness of her former husband, for which she was liable, had been paid by her.

The bill also avers that the note of $600.00 which she executed to Warner became due on October 23, 1937, and was not transferred to the defendant Coberly until on or about March 2, 1938; that said note not having been lawfully in the possession of Warner, he had no title thereto; and no title passed to Coberly; and that she is entitled to assert against any claim which may be made upon said note every defense which she would have been entitled to make against Warner had he retained possession thereof.

Three propositions are outstanding: (1) that, at the time of the execution of the note and deed of trust which plaintiff now seeks to cancel and set aside, she was indebted in an amount calculated to cause her embarrassment; (2) that the note and deed of trust, aforesaid, were executed, and the deed of trust recorded in the proper clerk's office, with the intent and purpose on the part of the plaintiff to evade the payment of said indebtedness; and (3) that by her bill she seeks affirmative action on the part of the court to relieve her from the effects of her fraudulent conduct.

We think it clear, under a long line of decisions by this Court that a court of equity will not grant relief in such circumstances. In *McClintic* v. *Loisseau*, 31 W. Va. 865, 8 S. E. 612, 2 L. R. A. 816, it was held:

> "Where a contract has been made to accomplish a fraudulent purpose, a court of equity will not at the suit of a party to the fraud,—a *particeps doli*,—if the contract is executory, either compel its execution or decree its cancellation, nor, after it has been executed, set it aside and thus restore to the plaintiff the property or other interest, which he has fraudulently transferred. It will leave the parties in the position, in which they have placed themselves.

See, also *Corrothers v. Harris,* 23 W. Va. 177; *Stout v. Philippi M. & M. Co.,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843; *Billingsley v. Menear,* 44 W Va. 651, 30 S E. 61; *Edgell v. Smith,* 50 W. Va. 349, 40 S. E. 402; *Craig v. Craig,* 54 W. Va. 183, 46 S. E. 371; *Poling v. Williams,* 55 W. Va. 69, 46 S. E. 704; *Ben Lomond Co. v. McNabb,* 109 W. Va. 142, 153 S. E. 905. The principle that "Whatever the parties to an action have executed for fraudulent or illegal purposes, the law refuses to lend its aid to enable either party to disturb", 5 Digest Virginia and West Virginia Reports, 32, is so well settled in the jurisprudence of this state that further citation of authority seems unnecessary.

It must be remembered that, according to the allegations of the plaintiff's bill, she was actually indebted at the time of the execution of the note and deed of trust in question, for she says she has since paid this indebtedness; and, therefore, the principle announced in *Criss v. Criss,* 65 W. Va. 683, 64 S. E. 905, that where a conveyance is executed to shield property from imaginary liability which does not in fact exist, there is no such fraud as taints the conveyance, does not apply; nor is this a case where the plaintiff herein is defending against a claim made by her partner in the fraud, such as existed in the case of *Haymond, Admr. v. Hyer,* 80 W. Va. 594, 92 S. E. 854, L. R. A. 1918B, 1, where it was held: "In a suit founded on an illegal contract, the defendant, if he is living, or his personal representative, if he is dead, may plead the facts showing its illegality." Here, the dispute is between one of the participants in the fraudulent transaction out of which the note and deed of trust originated, and a person who had no connection therewith, and no knowledge thereof. True, Coberly, the present holder of the note, is not a holder in due course, having accepted the note as collateral after it became due, and but for the fraudulent act of the plaintiff, she would be entitled to make any defense against the claim of Coberly that she would have been entitled to make against Warner. As indicated above, under the ruling in *Haymond, Admr. v. Hyer,* she might have pleaded the fraud as against

Warner, and thereby defeated recovery by him; but we are in a court of equity, and a fraud has been perpetrated which prevents any party to that fraud from taking advantage thereof as against any person other than a participant therein. Coberly, under the allegations of the bill, being an innocent purchaser for value, although not a holder in due course, cannot be defeated of his claim through the assertion of fraud on the part of the one person who will profit thereby. All technical rules applying to negotiable instruments, bills and notes must give way to the paramount principle that no person shall be permitted to profit by his own wrong.

Another principle of equity, equally well established, is that even between persons equally innocent of wrongdoing, he whose neglect, default or conduct was the occasion of loss must bear its consequences, rather than the other party, who is guiltless of fraud, neglect or wrongdoing. *N. & W. Ry. Co.* v. *Perdue,* 40 W. Va. 442, 21 S. E. 755. In *McConnell* v. *Rowland,* 48 W. Va. 276, 37 S. E. 586, where there was a like holding, possession of a deed executed and held subject to the order of the grantor and grantee was surreptitiously taken by the grantee and recorded, and the property involved conveyed to an innocent purchaser, the title of the purchaser was upheld. If this be the rule where the parties are innocent of fraud or wrongdoing, how much stronger is the reason for its enforcement where one of the parties is admittedly guilty of the fraudulent act which set in motion the chain of circumstances from which some one must suffer. In the case at bar, either the plaintiff or Coberly must suffer a loss. Shall it be Coberly, who, in apparent good faith, parted with his money upon the faith of the note and deed of trust which the plaintiff executed; or shall it fall on the person whose fraudulent conduct in the first instance made the loss possible? We say that the plaintiff, having engaged in a fraudulent transaction must suffer the consequences of her folly.

The ruling of the Circuit Court of Randolph County is affirmed.

*Affirmed.*