The **BUCKEYE UNION CASUALTY COMPANY**, an Ohio Corporation, Appellee,

v.

**John PERRY, Jerry Lee Nickoson, Charles S. Nickoson, Dallas Marcum, and Leon Marcum, Appellants.**

No. 12527.

United States Court of Appeals Fourth Circuit.

Argued Dec. 4, 1968.

Decided Feb. 5, 1969.

Thomas P. Maroney, Charleston, W. Va. (Rudolph L. DiTrapano, Charleston, W. Va., on brief), for appellants.

George S. Sharp, Charleston, W. Va., for appellee.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

Buckeye Union Casualty Company instituted a declaratory judgment action to establish that it has no obligation under an automobile insurance policy which it had issued to the defendant John Perry. The District Court granted the insurer's motion for summary judgment, holding that even if the policy did cover the accident in question, the insurer had no obligation because of Perry's failure to give timely notice. Perry appeals from the summary judgment.

The accident which gave rise to the litigation occurred on August 12, 1963, when a friend of Perry's, John Campbell, was hauling cinder blocks for Perry in a truck which Campbell borrowed from a third person. The truck was wrecked and two boys, Jerry Lee Nickoson and Dallas Marcum, who were riding with him, were injured. Since neither Campbell nor the owner of the truck was insured, Nickoson and Marcum sued the present appellant who had an insurance policy, issued by Buckeye, covering his own family car.

Perry did not notify his insurance company of the accident when it occurred because neither he nor his automobile was directly involved in the event. On April 3, 1964, however, he learned that Nickoson and Marcum had sued him, and he then informed his attorney of the accident and the suit. The attorney apparently did not notify Buckeye until June 12, 1964, ten months after the accident and approximately 70 days after Perry first learned of the suit.

In awarding Buckeye summary judgment, the District Court declared as a matter of law that a delay of ten months in giving notice was unreasonable and precluded coverage under the policy, since the policy made timely notice a condition precedent to recovery. The appellant Perry claims that the duty to give notice arose only when he learned of the suit in April and that the two-month delay from that time until his lawyer notified the insurance company was not unreasonable as a matter of law.

The notice provision of the insurance policy states:

3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents *as soon as practicable*. In the event of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. (Emphasis added).

The West Virginia courts interpret "as soon as practicable" to mean "within a reasonable time, having regard to all of the circumstances." Ragland v. Nationwide Mutual Ins. Co., 146 W.Va. 403, 120 S.E.2d 482, 491 (1961). In the circumstances of this case, we think it was not unreasonable as a matter of law for Perry to fail to give the insurer immediate notice of an accident in which he was not directly involved. A jury could find that Perry's duty to give notice arose only when he learned of the suit by Nickoson and Marcum.

However, even if Perry's delay up to the time of the suit was not unrea-

sonable, the insurer is entitled to summary judgment because of the unexplained delay of 70 days in notifying it after process was served upon Perry in the personal injury suit. The District Court relied on Ragland v. Nationwide Mutual Ins. Co., *supra*, which held only that five months' delay in normal circumstances was unreasonable as a matter of law. The *Ragland* case discussed a number of other cases, however, in which periods of delay ranging from four weeks to four and a half months were held unreasonable. No period longer than 25 days was held reasonable in the cases cited by the West Virginia court. Where the insured has suggested no justification for a delay of well over two months, notice was clearly not given "as soon as practicable." If some explanation had been tendered, an issue of the timeliness of the notice might have been created for a jury; but in this case there was no offer of any excuse or any show of extenuating circumstances.

 Perry further claims that even if the insurer had the right to deny coverage on the basis of late notice, it is now estopped from doing so because of its conduct after receiving notice. Perry relies on the fact that the insurer did not raise the question of late notice until it filed the declaratory judgment suit in January 1966. When Perry's counsel first notified Buckeye of the accident in June 1964, the insurance company responded by denying that Perry's policy coverage extended to the accident in question. Perry argues that by relying on that defense in its July 1964 letter, the insurer is estopped from later raising the defense of late notice.

When the insurance company denied coverage in its initial response to Perry, it had not yet determined whether Perry was in fact an insured of Buckeye. Moreover, Perry's counsel in his letter had wrongly identified the type of policy held by Perry, and the insurer based its response on this erroneous information. Clearly, the July 1964 letter, based on incomplete and inaccurate information, cannot be the basis of waiver or estoppel.

Later, Perry submitted the correct policy to the company for examination. The insurer then undertook an investigation and the defense of the suit against Perry, but informed him at the time that it would institute a declaratory judgment action to determine coverage and that it "reserved all rights under the policy to deny coverage."

Perry knew from the outset of his dealings with the insurance company that it was denying liability. He did not rely on the company's conduct when he delayed giving notice; all of the facts underlying the estoppel argument occurred after he had already given his untimely notice to the company. The insurer has taken no inconsistent positions and is not now estopped from raising the defense of late notice.

Accordingly, the order of the District Court granting summary judgment is

Affirmed.