**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**ROYAL INDEMNITY COMPANY, a corporation, et al., Defendants.**

**Civ. A. No. 71–164–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

April 23, 1974.

**496**

Edward W. Eardley, Charleston, W. Va., for plaintiff.

Edward W. Rugeley, Jr., Charleston, W. Va., for Royal.

Rudolph L. DiTrapano, Charleston, W. Va., for Hubbard & Lane.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This is a declaratory judgment action in which separate motions have been filed by plaintiff State Farm Mutual Automobile Insurance Company and defendant Royal Indemnity Company for summary judgments absolving them of uninsured motorist coverage liability under automobile insurance policies. 28 U.S.C. §§ 2201, 2202; Rule 56, Federal Rules of Civil Procedure. Jurisdiction is based on diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332.

Defendants Dean Hubbard and James E. Lane in this action are plaintiffs in two separate actions in the Court of Common Pleas of Kanawha County, West Virginia, in which they seek to recover damages claimed to have resulted from automobile injuries inflicted on them on September 12, 1968, by a Ford station wagon operated by defendant James B. Recknagel but owned by and insured in the name of Dan Dee West Virginia Corporation. At the time of the injuries claimed by Hubbard and Lane, Royal had in effect an automobile liability insurance policy, including uninsured motorist provisions, on the Ford station wagon operated by Recknagel but owned by Dan Dee West Virginia Corporation. At that time State Farm had in effect an automobile liability policy, including uninsured motorist provisions, on an automobile owned by Hub-

bard and another automobile liability policy, including uninsured motorist provisions, on an automobile owned by Jean Lane, the wife of defendant Lane herein. The three automobile insurance policies have been filed as a part of the record in the action.

The parties have filed a stipulation of facts detailing the automobile insurance policy coverages, the claimed injuries giving rise to the two actions pending in the state court, and other facts, including the following stipulation that defendant Recknagel was at the time here involved operating the Ford station wagon on a mission outside the scope of the business of the insured, Dan Dee West Virginia Corporation:

> "At the time of said accident the defendant James B. Recknagel was using said automobile for the purpose of obtaining a shipment of shortening to be used by him in his own private business entitled the Kanawha Valley Potato Chip Company without the actual knowledge of his employer, Dan Dee West Virginia Corporation."

The stipulated status of defendant Recknagel at the time of the accident is confirmed by Recknagel's deposition taken incident to the action of defendant Lane pending in the state court and brought into the record in this action by an affidavit filed with and in support of Royal's motion for summary judgment.

The separate motions for summary judgment by State Farm and Royal are supported by affidavits that the respective insurers were not given written notice of the accident "as soon as practicable" as required by the three insurance policies. These facts and details are not controverted by defendants Hubbard, Lane and Recknagel. Rule 56(e) provides in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Upon the record before the Court, including the pleadings, stipulation of counsel, affidavits in support of the motions for summary judgment, and the deposition of defendant, James Benjamin Recknagel, in Civil Action No. 15,864–C pending in the Common Pleas Court of Kanawha County, West Virginia, and made a part of the record in this action, and in consideration of the presentations and arguments of counsel, the Court finds and concludes:

1. Two civil actions for recovery of damages for injuries claimed to have been received by James E. Lane and Dean Hubbard on or about September 12, 1968, were filed on January 20, 1970, and are pending in the Common Pleas Court of Kanawha County, West Virginia, against James B. Recknagel as defendant. Dan Dee West Virginia Corporation was also named as defendant but in each of the actions, Civil Action No. 15,864–C (Lane) and Civil Action No. 15,865–C (Hubbard) said Dan Dee West Virginia Corporation, has been dismissed as a party defendant.

2. At the time of the injuries claimed by plaintiffs in said two civil actions, defendant James B. Recknagel was a salaried employee of Dan Dee West Virginia Corporation and was in charge of and was driving a motor vehicle owned by said Dan Dee West Virginia Corporation or its parent company. The motor vehicle at the time was covered by a comprehensive automobile liability insurance policy issued by Royal Indemnity Company, a defendant in this action. At the time defendant Recknagel was not working for Dan Dee West Virginia Corporation. He was using the motor vehicle on his own mission and for his own business operated as a corporation under the name of Kanawha Valley Potato Chip Company. He was not acting as the agent or employee of Dan Dee West Virginia Corporation and was using the motor vehicle without the actual knowledge of Dan Dee West Virginia Corporation.

3. At the time of the claimed injuries State Farm Mutual Automobile Insurance Company, plaintiff in this action, had in effect an automobile liability policy, including uninsured motorist coverage, issued to Dean Hubbard, a defendant herein, and another automobile insurance policy, including uninsured motorist coverage, issued to Jean Lane, wife of James E. Lane, defendant herein. Each of State Farm's policies contains the following policy conditions and provisions:

"1. Notice of Accident, Occurrence or Loss. In the event of an accident, occurrence or loss, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, circumstances of the accident or occurrence, names and addresses of injured persons and available witnesses. In the event of theft, larceny, robbery or pilferage prompt notice also shall be given to the police."

State Farm's affidavit in support of its motion for summary judgment herein avers that it did not receive notice in the Hubbard case until approximately 7 months after the accident in question and that it received notice of the claim in the Lane case approximately 15 months after the accident. The record discloses that in the Lane case a copy of the summons and complaint was served on State Farm, through the Auditor of the State of West Virginia, on December 1, 1970, and in the Hubbard case on January 27, 1971. W.Va.Code, § 33–6–31(d).

4. Royal, general liability insurer of the Dan Dee West Virginia Corporation vehicle driven by defendant Recknagel, in support of its motion for summary

judgment, presents two affidavits averring that it had no notice of the injury claims until the two civil actions were filed in the Common Pleas Court of Kanawha County on January 20, 1970. Royal's insurance policy conditions insurance coverage on insured's giving notice as soon as practicable after the occurrence giving bases for claims.

5. Royal's insurance policy was in force and effect on September 12, 1968, the date of the incident giving rise to the claims, but defendant Recknagel was not in the course of insured's business—was on a business mission of his own—was using the motor vehicle without actual knowledge of the insured —and the insured did not receive notice of any claim for damages until the two civil actions were commenced. This is not notice "as soon as practicable." The offending motor vehicle, insured by Royal, was an "uninsured motor vehicle" under the facts and circumstances existing in this case. Royal disclaims and denies liability. W.Va.Code, § 33–6–31(c); Annotation, 26 A.L.R.3d 883; 3 Lane, Law of Liability Insurance, § 13:09; American Mutual Liability Insurance Co. v. State Farm Mutual Automobile Insurance Co., 293 F.Supp. 256 (W.D. Va.1968), affirmed 411 F.2d 605 (4th Cir. 1969); Squires v. National Grange Mutual Automobile Insurance Co., 247 S.C. 58, 145 S.E.2d 673 (1965); Ragland v. Nationwide Mutual Insurance Co., 146 W.Va. 403, 120 S.E.2d 482 (1961); Buckeye Union Casualty Co. v. Perry, 406 F.2d 1270 (4th Cir. 1969); American Southern Insurance Co. v. England, 260 F.Supp. 55 (S.D.W.Va. 1966).

6. State Farm's complaint in this action seeks a declaration and determination that Royal's policy was in full force and effect on the date of the accident and that

"  . . .  said policy extends liability coverage to James B. Recknagel upon said Ford station wagon and for the benefit of the defendants Dean Hubbard and James E. Lane and that the policies of the plaintiff, State Farm, and particularly the uninsured motorist coverage provisions thereof are of no force and effect with respect to the accident or accidents alleged herein because at the time of said accident or accidents the said Ford station wagon owned by Dan Dee West Virginia Corporation, a corporation, and driven by James B. Recknagel was not an uninsured motor vehicle within the meaning of the statutes of West Virginia  .  .  .  ."

While State Farm's complaint for declaratory judgment stresses the position that its insurance policy, particularly the uninsured motorist coverage provisions, was not in force and effect incident to the accident here involved since the offending Ford station wagon at the time "was not an uninsured motor vehicle within the meaning of the statutes of West Virginia", the complaint seeks "such other, further, different and general relief as the plaintiff may be entitled to have" in this action. In its motion for summary judgment, State Farm "shows that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law." The affidavit supporting the motion for summary judgment and counsel's stated position at the hearing herein substantially adopt defendant Royal's contention that State Farm did not receive the policy required notice "as soon as practicable." This position was not controverted by defendants Hubbard, Lane and Recknagel. As earlier indicated herein the law on this proposition appears to be settled. Ragland v. Nationwide Mutual Insurance Co., 146 W.Va. 403, 120 S.E.2d 482 (1961); Buckeye Union Casualty Co. v. Perry, 406 F.2d 1270 (4th Cir. 1969).

Wherefore, it is

Adjudged and ordered that the motion of plaintiff State Farm Mutual Automobile Insurance Company for summary judgment be, and it is hereby, granted, and the motion of defendant Royal Indemnity Company for summary judg-

ment be, and it is hereby, granted. These rulings determine the substance of plaintiff's complaint for relief. Accordingly, proceedings in this action will be concluded and this cause will be dismissed. Final disposition of the action in this Court may expedite proceedings in the two pending actions in the state court on claims arising on September 12, 1968, more than 5½ years ago.