STATE OF WEST VIRGINIA

*v.*

ROBERT KONCHESKY

(No. 14049)

Decided December 2, 1980.

*Clark B. Frame* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Silas B. Taylor,* Assistant Attorney General, for defendant in error.

CAPLAN, JUSTICE:

In an indictment returned by the grand jury of Marion County the appellant, Robert Konchesky, was charged with intentionally attempting to obstruct and impede the administration of justice by offering the sum of $10,000.00 to Phyllis McLay in an attempt to induce her to absent herself from the trial of a felony case wherein she would have been a material witness. Upon his plea of guilty the appellant was sentenced to six months in jail and was fined two hundred dollars.

Subsequently, Robert Konchesky filed a petition seeking a refund of the money involved in the bribery matter. In

58

substance, he related in his petition that he gave $9,000.00[1] to Phyllis McLay in an attempt to bribe her; that said money was turned over by her to the State; that he has requested the return of the money but was refused; and that the State is illegally withholding "his" money from him. The court denied the claim and ordered that the money be forfeited to the State. This is an appeal from the court's order. We affirm.

In support of its decision to refuse to return the money with which the appellant attempted to commit bribery the court relied upon a quote contained in 24B C.J.S., *Criminal Law*, §2004(a), " ... neither the giver nor the receiver of a bribe may recover the money ... " Of equal import, the court found from the evidence that the money did not belong to Konchesky but that it was given to him by another in furtherance of an illegal aim. It therefore held that Konchesky had no standing to request the return of the subject money.

Although ample opportunity was afforded the appellant, he at no time proved that the money belonged to him; nor did he even so allege. In the absence of allegations and proof of title, legal or equitable, any action to recover property must fail. *Swope v. Pageton Pocahontas Coal Co.*, 129 W.Va. 813, 41 S.E.2d 691 (1947). Clearly, Konchesky had no title to the money and cannot maintain a claim thereto.

It had been held that no party to an illegal contract can recover property delivered pursuant to that contract. See *Jones v. Evans*, 123 W.Va. 394, 15 S.E.2d 166 (1941) and *Aikman v. City of Wheeling*, 120 W.Va. 46, 195 S.E. 667 (1938). The court said in *Aikman*, "A person who has knowingly paid money in pursuance of an illegal, executed contract may not maintain an action for the money ... " While the instant case does not involve a contract, the principle expressed in *Aikman* is applicable. Konchesky knowingly gave money to another in pursuance of an illegal act.

While we have been cited to no statute or case which provides for the disposition of such bribe money, it is our

---

[1] He was given $10,000.00 with which to carry out the bribe but was allowed to retain $1,000.00 as his commission.

firm belief, and logic and reason dictates, that the briber is not entitled to a return of the money simply because the bribery was unsuccessful. We subscribe to the principle alluded to above to the effect that neither the briber nor the bribee may recover the money involved in an unsuccessful attempt to bribe.

Under Title 18, §3612, U.S.C., the federal government has provided for the disposition of bribe money as follows: "Moneys received or tendered in evidence in any United States Court or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding or investigation, be deposited in the registry of the court to be disposed of in accordance with the order of the court . . ."

The appellant contends that the money presumptively belongs to him and that the court's action results in the forfeiture of his estate, contrary to law. We disagree. In the first place, the court, although it used the word "forfeited", clearly did not order the money to be paid to the State because he was a convicted criminal. It said the money shall "be placed in the Treasury of the State . . . the same as forfeitures and fines, pursuant to Chapter 56, Article 2, Section 8 of the West Virginia Code of 1931, as amended." An examination of that code provision clearly shows that the court's order did not contravene the constitutional prohibition against forfeiture of estates.

The record clearly discloses that Konchesky received the $10,000.00 from one charged with a crime for the purpose of bribing a witness to absent herself from the trial. He was in the role of a delivery boy, for which he was to receive $1,000.00. Certainly, in this circumstance the appellant was not the owner of the money; nor had he possession thereof. The possessory right of both the witness and the police were superior to the giver. See *U.S. v. Farino*, 483 F. Supp. 651 (D.C. N.Y. 1980).

"Under the modern rule, which is supported by the weight of authority, one cannot maintain an action to recover money paid or property transferred to another

person for the purpose of bribing him." Anno., Bribe-Recovery by Briber, 60 A.L.R.2d 1273, at 1274.

The judgment of the Circuit Court of Marion County is affirmed.

*Affirmed.*